**Edward J. NICHOLAS, Appellant**

v.

**Marilyn BROOKS; John Doe.**

**No. 06–4361.**

United States Court of Appeals, Third Circuit.

Submitted for Possible Dismissal Under 28 U.S.C. § 1915(e)(2)(B) March 9, 2007.

Filed: March 28, 2007.

Edward J. Nicholas, Albion, PA, pro se.

BEFORE: SCIRICA, Chief Judge, WEIS and GARTH, Circuit Judges.

### OPINION

### PER CURIAM.

Edward J. Nicholas, a state prisoner proceeding *pro se*, appeals an order of the United States District Court for the Western District of Pennsylvania dismissing his civil rights complaint. We will dismiss his appeal pursuant to 28 U.S.C. § 1915(e)(2)(B).

On May 15, 1998, following a jury trial, Nicholas was convicted of aggravated assault and acquitted of one count of robbery and two counts of criminal conspiracy. He was sentenced to six and one-half years to twenty years in prison. In May 2006, Nicholas filed a civil rights action under 42 U.S.C. § 1983 against the superintendent of SCI–Albion, where he resides. His complaint alleges that the jury found him not guilty of the aggravated assault charge and, thus, he is being held in violation of due process. He requested that the court confirm his innocence and award him millions of dollars in damages.[1]

The Magistrate Judge recommended dismissal of the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) as barred by, among other theories, the favorable termination rule announced in *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). The District Court affirmed and adopted the Magistrate Judge's report and recommendation. This appeal followed.

1. He also appears to request a federal investigation of the defendant and her alleged co-conspirators.

**150**

We have jurisdiction pursuant to 28 U.S.C. § 1291. Nicholas has been granted leave to proceed *in forma pauperis* on appeal. Because his appeal lacks arguable merit, we will dismiss it pursuant to § 1915(e)(2)(B)(i).[2] *See Allah v. Seiverling,* 229 F.3d 220, 223 (3d Cir.2000).

According to the rule announced by the Supreme Court in *Heck,* when a plaintiff brings a civil rights suit that would necessarily imply the invalidity of his conviction or sentence, "the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." 512 U.S. at 487, 114 S.Ct. 2364. The gravamen of Nicholas' complaint is that his conviction and sentence for aggravated assault is invalid because it conflicts with the jury's putative verdict of not guilty. However, Nicholas's conviction has not been invalidated. *See Nicholas v. Pennsylvania,* No. 06–3641 (3d Cir. order entered January 31, 2007) (denying a certificate of appealability for habeas petition). Thus the District Court was correct to dismiss the suit.

Accordingly, we will dismiss this appeal pursuant to 28 U.S.C. § 1915(e)(2)(B). Nicholas's pending motion is denied.

---

**2.** Although the District Court dismissed the complaint without giving Nicholas an opportunity to amend as required by *Grayson v.* *Mayview State Hosp.,* 293 F.3d 103 (3d Cir. 2002), we find no error because any amendment would have been futile. *See id.* at 108.